```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**CHARLES DOGAN, JR.,**

    Petitioner,

v.                                   Civil Action No. 2:13-01035
                                                (Criminal No. 2:96-00066)
                                                (Criminal No. 2:91-00055)

**UNITED STATES OF AMERICA,**

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is a petition for a writ of error <u>coram</u> <u>nobis</u> pursuant to 28 U.S.C. § 1651, filed January 17, 2013.

I.

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636. On August 20, 2013, the magistrate judge filed his PF&R recommending that the petition be denied. The PF&R comprehensively recites the lengthy procedural posture of this matter. The court summarizes that discussion below.

On February 7, 1991, the grand jury indicted the petitioner for a drug conspiracy (Count One) and two counts of possession with intent to distribute crack cocaine (Counts Two and Three).  On July 16, 1991, petitioner pled guilty to the indictment and, on September 24, 1991, he was sentenced to 30-months imprisonment on each count, with the sentences running concurrently.  Petitioner additionally received a five-year term of supervised release.  No appeal was taken.  The supervised release term commenced April 21, 1993.  On July 19, 1994, the petitioner moved pursuant to 28 U.S.C. § 2255 seeking a reduction of his supervised release term to three years.

On April 9, 1996, while on supervised release, petitioner allegedly sold cocaine base in two separate controlled buys.  The probation officer petitioned the court to revoke the supervised release term based upon this conduct, which violations also gave rise to Counts One and Two of a new indictment.  See United States v. Dogan, No. 2:96-00066.  On April 11, 1996, petitioner was alleged to have sold more crack cocaine, which formed the basis for Count Three of the new indictment.  Yet again, on April 16, 1996, petitioner allegedly engaged in another sale, which conduct served as a predicate for both revocation of the supervised release term and Count Four of the new indictment.  On April 18, 1996, petitioner allegedly conducted a fifth crack cocaine transaction, which resulted in

Count Five in the new indictment.

On April 19, 1996, the court granted petitioner's section 2255 motion, reducing the supervised release term to three years.  That was the same day the probation officer had petitioned for revocation of the supervised release term as noted <u>supra</u>.  On April 21, 1996, the petitioner's reduced supervised release term expired, after which, but prior to his arrest on the petition, he engaged in two other sales of crack cocaine on April 25, 1996.  Those two sales resulted in Counts Six and Seven of the new indictment noted above.  Later that same day, the petitioner was arrested on the supervised release revocation warrant.

On August 21, 1996, the parties appeared for trial on the new indictment.  Petitioner, however, chose instead to plead guilty to Count Four of the new indictment.  The court rejected the proposed plea agreement and trial commenced.  During the first day of the trial, the parties entered into a revised proposed plea agreement to Count Six, which the court accepted.

On January 2, 1997, petitioner moved to withdraw his guilty plea to Count Six following the appearance of new counsel on his behalf.  During an evidentiary hearing held January 2 and 3, 1997, witness testimony established the factual basis supporting Count Six and the two alleged supervised release

3

violations. On March 31, 1997, the court denied the motion to withdraw the guilty plea. On April 8, 1997, petitioner was sentenced to a 24-month term of imprisonment on the supervised release violations and a consecutive 288-month term on Count Six, following the determination that he qualified as a career offender.

On July 15, 1998, the court of appeals affirmed the Judgments resulting in the petitioner's revocation and criminal sentences, rejecting the only ground advanced by petitioner, namely, the denial of his motion to withdraw his guilty plea. On February 11, 1999, the petitioner moved anew pursuant to section 2255, which motion was denied on May 23, 2000. The petitioner's appeal of that Judgment was unsuccessful.

A.   The Nature of the Writ and the Governing Standard

Our court of appeals has recently observed that <u>coram nobis</u> relief is reserved only for the most compelling of cases:

> As a remedy of last resort, the writ of error <u>coram nobis</u> is granted only where an error is "of the most fundamental character" and there exists no other available remedy. <u>United States v. Mandel</u>, 862 F.2d 1067, 1075 (4th Cir. 1988). The writ is narrowly limited to "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" <u>United States v. Denedo</u>, 556 U.S. 904, 129 S.Ct. 2213, 2220, 173 L.Ed.2d 1235 (2009) (quoting <u>United States v. Morgan</u>, 346 U.S. 502, 511, 74 S.Ct.

4

> 247, 98 L.Ed. 248 (1954)). Thus, the writ provides relief in cases where the error "rendered the proceeding itself irregular and invalid." United States v. Addonizio, 442 U.S. 178, 186, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (internal quotation marks and citation omitted) (superseded by statute on other grounds).

United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012); Bereano v. United States, 706 F.3d 568, 576-77 (4th Cir. 2013) (noting the "circumscribed use of coram nobis" and quoting the Supreme Court's observation that "'judgment finality is not to be lightly cast aside; and courts must be cautious so that the extraordinary remedy of coram nobis issues only in extreme cases.'")(quoting United States v. Denedo, 556 U.S. 904, 916 (2009) (quoting also Carlisle v. United States, 517 U.S. 416, 429 (1996), which states "[I]t is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." (internal quotation marks omitted))); see also United States v. George, 676 F.3d 249, 253 (1st Cir. 2012) ("The metes and bounds of the writ of coram nobis are poorly defined and the Supreme Court has not developed an easily readable roadmap for its issuance. But the Court has indicated that caution is advisable and that '[c]ontinuation of litigation after final judgment . . . should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice.'") (citation omitted).

As observed in the <u>Akinsade</u> decision, a petitioner seeking <u>coram</u> <u>nobis</u> relief is obliged to demonstrate four elements:

> "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character."

<u>Akinsade</u>, 686 F.3d at 252.


B.   The Petitioner's Objections


On September 3, 2013, the petitioner objected to the PF&R.  First, petitioner asserts that the probation officer violated the Fourth Amendment inasmuch as he never testified to, nor had personal knowledge of, the conduct giving rise to the alleged supervised release violations.  The magistrate judge adequately covers the matter at pages 21-22 of the PF&R.  The objection is not meritorious.

Second, petitioner asserts that, by virtue of his plea to Count Six, he was improperly deemed to have admitted the separately alleged supervised release violations.  The record is to the contrary.  As noted by the magistrate judge, the court heard testimony during the January 2 and 3, 1997, evidentiary hearings substantiating, by a preponderance of the evidence, the

misconduct alleged in the supervised release petition. The objection is not meritorious.

Third, petitioner asserts that he in fact raised on direct appeal a challenge to his 24-month supervised release revocation term of imprisonment. As noted by the court of appeals in its July 15, 1998, opinion affirming that portion of the court's judgment, petitioner "only appeal[ed] the legal question of whether the court erred in refusing to allow . . . [him] to withdraw his plea" to Count Six of the new indictment. (Slip op. at *2). In view of this procedural default, and his failure to demonstrate that the failure to raise that ground on direct appeal amounted to ineffective assistance of counsel, the objection is not meritorious.

Having considered and overruled the petitioner's objections, and in light of the thorough analysis conducted by the magistrate judge at pages 18 to 27 of the PF&R and the discussion <u>supra</u>, it is ORDERED as follows:

1. That the magistrate judge's PF&R be, and hereby is, adopted and incorporated herein; and

2. That this action be, and it hereby is, dismissed and stricken from the docket.

**The Clerk is directed to transmit a copy of this written opinion and order to the magistrate judge, counsel of record and any unrepresented parties.**

                                **ENTER: September 16, 2013**

                                **John T. Copenhaver, Jr.**
                                **United States District Judge**